## KING COUNTY INSURANCE ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88016.   Promulgated February 4, 1938.

*Tracy E. Griffin, Esq.*, and *Harold L. Scott, C. P. A.*, for the petitioner.

*B. M. Coon, Esq.*, and *C. W. Carhart, Esq.*, for the respondent.

OPINION.

SMITH: The questions presented by this proceeding are (1) whether the petitioner was a business league exempt from income tax for 1931 and 1933, and (2) whether, if not exempt, the delinquency in filing returns for those years was due to a "reasonable cause."

Section 103 of the Revenue Acts of 1928 and 1932 provides:

The following organizations shall be exempt from taxation under this title—

*    *    *    *    *    *    *

(7) Business leagues, chambers of commerce, real-estate boards, or boards of trade, not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual.

There can be no question but that the petitioner qualifies as a business league exempt from income tax for 1931 and 1933, the taxable years involved in this proceeding, unless it is barred from such exemption by reason of the fact that it acted as agent in writing insurance policies on so-called "public business." The respondent contends that by reason of this fact the petitioner engaged in business for profit and is accordingly barred from exemption. The evidence shows, however, that the members waived their commissions upon this public business in favor of the association in order to provide additional revenue for the petitioner's expenses and because it was deemed in the public interest that there should be no competition on the part of the members in the writing of policies upon municipally owned properties. The members nevertheless were required to pay dues or advances, which were rebated only in part upon the receipt by the association of the commissions upon the public business.

In *Waynesboro Manufacturers Association,* 1 B. T. A. 911, the Board stated the requirements of this same provision of the taxing statutes, but under a prior law. We there pointed out that it was the intention of Congress to exempt from income tax organizations such as the petitioner, provided they were (1) not organized for profit, and (2) no part of the net earnings inured to the benefit of any private stockholder or individual. An organization to be exempt under this provision of the statute must meet both conditions of the exemption.

Quite clearly the petitioner was not organized for profit. That was not the purpose of the organization. Nor, in our opinion, was it operated for profit during the taxable years 1931 and 1933, notwithstanding that, through an appointed agent, it wrote so-called "public business" policies. The income from this source served merely to reduce the amount of the dues which otherwise would have had to be contributed by the members.

The evidence shows, too, that no part of the net earnings ever inured to the benefit of any private individual. The income from the public business, as above stated, merely served to reduce the amount of the dues. No member ever received, ever expected to receive, or ever had any possibility of receiving, back from the petitioner in any year an amount greater than or even equal to his advances to the petitioner for such year.

Exemption from income tax by a business league is not forfeited by the receipt of incidental income from transactions or operations which would be taxable by a corporation engaged in business for profit. In *Crooks* v. *Kansas City Hay Dealers' Association,* 37 Fed. (2d) 83, it was held that the mere fact that an association of this character may receive some income and use that income to carry on its work is no proof that it is organized for the sake of profit. See also *Santee Club* v. *White* (C. C. A., 1st Cir.), 87 Fed. (2d) 5.

We are of the opinion that the receipt by the petitioner of commissions on "public business" which served only to reduce the amount of dues payable by the members does not bar the petitioner from classification as an exempt association.

Since the petitioner was exempt from income tax it was, of course, not required to file income tax returns. But in any event the delinquency in filing returns was due to a reasonable cause, even if the petitioner might be held to be taxable. The respondent was therefore in error in determining delinquency penalties.

*Judgment of no deficiencies will be entered.*